IN MATTER OF PETITION OF WM. POWERS, B. B. KILLCULLEN, *et al.*, Appellants.

1. *Taxes for schools—County Courts—Correction of assessments.*—County Courts have no power to alter the assessment of taxes to build school-houses, merely on the alleged ground that the school-house was unnecessary; the decision of that question is left to the local directors.

*Appeal from St. Louis Circuit Court.*

*Bakewell & Farish*, for Appellants.

*T. G. C. Davis & Clopton*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The petitioners presented their application to the County Court of St. Louis county, praying to be relieved from an alleged erroneous assessment made by the local directors of the sub-district of which they were inhabitants, for the erection of a school house.

The County Court dismissed the case on the ground that it possessed no jurisdiction over the same, and its judgment was affirmed in the Circuit Court.

The main ground stated in the petition is, that the erection of a new school house was unnecessary, but it nowhere appears that the local directors exceeded their powers. The school law provides, that the local directors shall have power to erect, when they deem it necessary, a suitable school house in their sub-district, returning an estimate for this purpose to the township clerk, which shall be assessed upon and collected from taxable property in said sub-district in the same manner as other estimates for school purposes, but no estimates for building purposes shall exceed two per cent. of said taxable property, unless a greater per cent. shall be ordered by a majority of the voters of such sub-district present and voting at such meeting. (2 W. S., 1243, § 6, 1870.) There was no meeting of the voters authorizing the act, and no such meeting was necessary, as it is not pretended that the estimates amounted to two per cent. of the taxable property.

There are two provisions in the law, and two only, investing the County Court with jurisdiction over the matter of er-

roneous assessments. The first is in regard to the assessment of property for revenue (2 W. S., 1174, § 51, Ed. of 1870,) and declares, that the County Court of each county may hear and determine allegations of erroneous assessment, or mistakes or defects in the description or quality of lands, at any term of the court before the taxes shall be paid, on application of any person or persons who shall by affidavit show good cause for not having attended the County Board of Equalization (Court of Appeals) for the purpose of correcting such error, or defects or mistakes.

The other section on the subject (2 W. S., 1193, § 61,) relates to the collection of revenue, and provides, that the several County Courts are authorized and empowered to hear and determine all allegations of erroneous assessment of lands for taxes, and in all cases when it shall appear that lands have been erroneously taxed, either by having them taxed to more persons than one, or more than once for the same year to the same person, or if the land was not subject to taxation, the Court shall order the same to be corrected on the books of the proper assessor, and shall cause the clerk to make the corrections on the books in his office.

There is nothing in this case to bring it within either of the above quoted sections. There was no excess of power on the part of the local directors, nor any mistake or defects in the description or quality of the lands assessed, nor were the lands erroneously taxed, either by having them taxed to more persons than one, or more than once for the same year to the same person, and it is not contended that they were not subject to taxation. These are the only cases in which the County Court has any power or jurisdiction to hear and determine questions arising out of erroneous assessments or erroneous taxation; it is therefore manifest that the court had no jurisdiction of the subject matter, and the judgment below was correct and should be affirmed.

Judgment affirmed. The other Judges concur.