HENRY EIKENBARY ET AL., APPELLANTS, V. WILLIAM B.
PORTER, JR., ET AL., APPELLEES.

FILED MARCH 21, 1900.   No. 11,155.

Electors of School District: BUILDING: AUTHORITY TO LEVY TAX: LIMI-
TATIONS DEFINED BY STATUTE.  The legislature has invested in
the electors of a school district the power and authority to levy
a tax for building purposes.  It has limited and thrown restric-
tions around their actions regarding such matters for the pro-
tection of all taxpayers, and to prevent unjust and oppressive
levies.  In the exercise of the powers and authority given, and
within the limitations defined by statute, the courts can not
interfere solely on the ground that such action may be regarded
as unwise or improvident, or that conclusions have been reached,
which, by others, may be deemed improper under the conditions
existing, and the circumstances surrounding, the actions com-
plained of.

APPEAL from the district court of Cass county.  Heard
below before RAMSEY, J.  *Affirmed.*

*A. N. Sullivan,* for appellants:

The right of electors of a school district at an annual
meeting to impose a levy under certain circumstances for
the construction of a schoolhouse is conceded to be at
once a right and a duty.  It is further conceded that, in
the exercise of their discretion, they could legally make
such a levy although their judgment in doing so might
not meet with general approval.  But the question pre-
sented by this record is, can the majority of a school dis-
trict impose such a levy when there is absolutely no
necessity for the construction of a schoolhouse, when the
schoolhouse already in existence is in every respect as
suitable as any one that they might construct; or to state
the case as made by the record, can the majority of the
electors at an annual meeting impose a levy for the con-
struction of a schoolhouse, when such levy is made solely
for the purpose of effecting a relocation?  If this can not
be done legally at an annual meeting, then this case

ought to be reversed and the tax complained of perpetually enjoined. If the electors possess the power to build one extra schoolhouse in a district already provided with one, then they possess the power to build an unlimited number. But the law provides for only one schoolhouse in each district, in county districts like this, and there is no legislative authority for such procedure as complained of in this case. There must be distinct legislative authority for every tax that is levied. This is a principle that admits of no exception whatever. Cooley, Taxation, 244, 252; *Norris v. Russell,* 5 Cal., 249; *Litchfield v. Vernon,* 41 N. Y., 123; *Allen v. Peoria R. Co.,* 44 Ill., 85.

*H. D. Travis, contra:*

It is the contention of the defendants that the electors of a school district are the sole judges of their necessities as to whether or not a schoolhouse or schoolhouses are needed; that the electors can vote a tax within the statutory limits for such purposes; that such action of the electors is final. The electors are the sole judges of the public necessity, and a court of equity has no supervisory power over them, and does not have jurisdiction to determine whether or not the judgment and discretion exercised by the electors was proper or not. Cooley, Taxation, 247; *Eddy v. Wilson,* 43 Vt., 362; *Wharton v. School Directors,* 42 Pa. St., 358; *Jenkins v. Andover,* 103 Mass., 94; *Kniper v. Louisville,* 7 Bush [Ky.], 599; *Mason v. Lancaster,* 4 Bush [Ky.], 406.

HOLCOMB, J.

At an annual meeting of the voters of School District No. 3, of Cass county a motion was made and carried to build a new schoolhouse, and that a tax of ten mills on the dollar valuation be levied on all taxable property in the district for such purpose. An injunction was sued out by certain taxpayers of the district, by which it was

sought to restrain the officers of the district from certifying such levy to the proper officer of the county, to be spread upon the tax-rolls. The plaintiffs, in their petition, allege, in substance, that the taxation complained of is illegal, unjust and oppressive, for the reason that said school district is well supplied with a schoolhouse having all modern improvements, and that the object and purpose is to secure, by indirection, the relocation and removal of said schoolhouse, it being alleged that, at said meeting, a motion to relocate the site for said schoolhouse was made but failed to carry; whereupon a motion was made and carried to levy the tax, of which complaint is made. On the hearing in the court below the temporary injunction was vacated and dissolved, and from the order of dissolution plaintiffs appeal to this court.

Section 12, subdivision 2, chapter 79, Compiled Statutes of 1899, relative to the annual meeting of a school district, provides: "The legal voters may also, at such [annual] meeting, determine the number of mills, not exceeding ten mills on the dollar of assessed valuation, which shall be expended for the building, purchase, or lease of school house in said district, when there are no bonds voted for such purpose, which amount shall be reported levied and collected as in the preceding section: *Provided,* that the aggregate number of mills voted shall not exceed twenty-five (25) mills."

On the hearing, evidence was submitted by the plaintiffs tending to establish the fact that the school building then in use was a well built, well preserved structure, and sufficient in all respects for the needs of the district. From the evidence, it may be said that the building had been in use for school purposes from twenty-three to twenty-five years; that it was a well built structure, had been repaired and kept in fair condition, and, as expressed by several witnesses, compared favorably with other schoolhouses throughout the county. It was provided with modern appliances, such as seats, desks, blackboards, etc., and had connected with it outbuildings

common to schoolhouses generally. There is some question whether the schoolhouse has sufficient capacity to accommodate the children of school age in the district; in fact, when there is a full attendance, it has not; but it appears to be reasonably comfortable and commodious for those usually attending. That it has deteriorated with age; is, in a degree, in a state of decay, and is not a modern building, is also apparent. The district comprises a settlement of thrifty, and well-to-do people, and much valuable real and other property is situated therein. A modern and more commodious school building, we think, would not be an unreasonable desire or vain ambition on the part of any of the patrons of the school.

It is urged that the levy complained of is unjust and oppressive, and was made because of a failure on the part of the electors to relocate the school site. The sentiment for relocation favored the removal of the school building near to a small railroad station located in the school district, but some distance from the site of the present building. A two-thirds vote being required for that purpose, and that number not voting in the affirmative, the motion was declared lost. On motion to levy the building tax, it appears that out of about fifty voters, thirty favored the motion and twenty opposed it. We are disposed to the opinion that the question of relocating the site, and that of constructing a new building, were, independently of each other, within the discretion of the electors, and that favorable action upon the former was not a necessary condition to favorable action upon the latter. The question of constructing a new building was one proper to be determined in either event, with or without a change of site, followed by a levy as provided by statute. There seems to be no question as to the legality of the meeting at which the tax was voted, the regularity of the proceedings, or the authority of the electors present, in any proper case, to levy such a tax. In Cooley, Taxation [1st ed.], page 247, the author

says: "In voting taxes all the local bodies act in a polit-
ical capacity, and their action is to be favorably con-
strued, and not to be overruled or set aside by judicial
or any other authority, so long as they keep within the
limits of the power bestowed upon them." And on page
249: "It is always to be assumed that all these inferior
municipalities have decided wisely and well upon the
matters of discretion submitted to them, and it is incom-
petent anywhere to attack the validity of their action
upon the ground that the facts and circumstances which
were laid before, and which surrounded them, did not
call for the conclusion which they reached." In the case
of *Wharton v. School Directors*, 42 Pa. St., 358, 364, where
an action was brought to restrain the levy of a tax reg-
ularly voted, the writer of the opinion pertinently says:
"Most of our tax laws entitle the citizen to a hearing be-
fore he is obliged to pay; not to a judicial hearing, in-
deed, but to an appeal to some special tribunal, gener-
ally the county commissioners, but the school law gives
no such appeal. This is a reason why the ear of the
courts should be open to well-founded complaints on the
part of the citizen; but when he has no irregularity, no
neglect of duty, no excess of authority to complain of—
nothing, indeed, but an indiscreet exercise of a clearly
granted discretion, he will vex the judicial ear in vain,
for the judicial arm can redress no such wrong." To
the same effect is *In re Powers*, 52 Mo., 218; *Jenkins v.
Inhabitants of Andover*, 103 Mass., 94; *Eddy v. Wilson*, 43
Vt., 362.

The legislature has vested in the electors of a school
district the power and authority to levy a tax for build-
ing purposes. It has limited and thrown restrictions
around their actions regarding such matters for the
protection of all taxpayers, and to prevent unjust and
oppressive levies. In the exercise of the powers and au-
thority given, and within the limitations defined by stat-
ute, the courts can not interfere solely on the ground
that such action may be regarded as unwise or improvi-

dent, or that conclusions have been reached, which, by others, may be deemed improper under the conditions existing, and circumstances surrounding the actions complained of. The ruling complained of is in conformity with law, and is affirmed. Judgment accordingly.

AFFIRMED.